### Selah Strong and others v. Zebulon Smith.

THIS was an action of trespass commenced before a justice of the peace in the county of *Suffolk*, under the " Act for the more speedy recovery of " debts to the value of twenty-five dollars."† The defendant justified under a plea of title. Upon this, proceedings were stayed before the justice pursuant to the tenth section of the act,‡ and the action prosecuted before the court of common pleas; from thence the defendant removed it by *habeas corpus* into this court, where he pleaded, 1st. The general issue. 2d. That the closes mentioned in the declaration, were the freehold of the trustees of the freeholders and commonalty of the town of *Huntington*, and that by their command and direction, he entered. 3d. That the trustees of the freeholders of the town of *Huntington* were seised of the premises, and granted him a lease for a year, by virtue of which he entered and was possessed until the plaintiffs, by colour of title, turned him out, on whom he again entered, and committed the trespasses complained of. A suggestion of these circumstances, according to an intimation on a former day given by the court, having been entered

† 1 *Rev.
Laws*, 491.

‡ *Ibid.* 494.

May Term,
1804.

on the record, an application was now made to compel the defendant to strike out his plea of the general issue, and rely on his title only.

*Riggs,* for the plaintiff.    *Sanford,* for the defendant.

*Per Curiam.*    The construction of the act no doubt is, that when a defendant, sued for a trespass before a justice, relies on his title, he admits the trespass.    But lest the title should be in a third person, the act gives him a right to show that also. Either one or the other acknowledges the trespass. To this, as the whole matter appears on the record, it would not be permitted the defendant on the trial of *nisi prius* to say the contrary, nor would the plaintiff be called on to prove the trespass done. The general issue, then, is perfectly nugatory, and must be struck out, but not with costs.

SPENCER, J. dissentient.